# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-02-CR-C-SOW |
| | ) | |
| ROBERT ALLEN HOCKS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before this court is defendant Robert Allen Hocks' motion to suppress evidence and motion for a Franks Hearing. The Government responded in opposition, and a Franks Hearing was held on the motion to suppress evidence on September 8, 2008.[1]

## Background

On February 7, 2007, Columbia, Missouri, Police Detective Ronald W. Hall, Jr., with search warrants, searched two residences in Columbia – one at 501 Himalayas Court, and a second at 4647 Brandon Woods Street. During the search, officers located approximately nineteen pounds of marijuana in the residence on Brandon Woods and approximately 200 pounds of marijuana in a trunk of a vehicle parked in a garage at the Brandon Woods residence. Officers also recovered $10,000 cash in the Himalayas Court residence. The Brandon Woods residence was owned by defendant Robert Hocks. Eric McCauley's mother recently purchased the 501 Himalayas Court residence.

The search warrants were based on Detective Ronald W. Hall, Jr.'s, affidavit of February 7, 2007, which included information from a "cooperating citizen." The affidavit indicated that the "cooperating citizen" has assisted in past investigations where illegal controlled substances have been recovered and seized and has provided both truthful and

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

reliable information on prior occasions. The affidavit states that the "cooperating citizen" advised Detective Hall that "Eric McCauley is selling large amounts of marijuana in the Columbia area," and that he recently "has personally observed tens of thousands of dollars, resulting from the sales of marijuana," at the 501 Himalayas Court, Columbia, Missouri residence. The "cooperating citizen" stated that, "McCauley kept the marijuana at the stash house," located at 4647 Brandon Woods Street. The affidavit further stated that on February 7, 2007, the "cooperating citizen," accompanied by Detective Geoff Jones of the Columbia Police Department, specifically pointed out the addresses listed above as the locations where McCauley keeps his money and controlled substances. Paragraph seven of the affidavit states that the "cooperating citizen" has personal knowledge of money utilized to purchase marijuana, as well as the storage of marijuana in the Columbia area at the above-listed addresses.

## Discussion

Defendant has challenged the affidavit in support of the search warrant as insufficient to support a finding of probable cause that marijuana and money would be found at the above-listed addresses. Whether probable cause exists depends on the totality of the circumstances. United v. Gabrio, 295 F.3d 880, 882-83 (8th Cir. 2002) (citing Illinois v. Gates, 462 U.S. 213, 238 (1983)). The totality of the circumstances requires a showing of facts "sufficient to create a fair probability that evidence of a crime will be found in the place to be searched." Gabrio at 883 (quoting United States v. Wells, 223 F.3d 835, 838 (8th Cir. 2000)). "An informant's tip can be sufficient to establish probable cause if the informant 'has a track record of supplying reliable information' or if the tip 'is corroborated by independent evidence.'" Gabrio at 883 (quoting United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)).

Here, probable cause was based on the tip of a confidential informant, also identified as a "cooperating citizen." The defendant questions the "cooperating citizen's" "reliability, veracity and basis of knowledge." United States v. Reivich, 793 F.2d 957, 959 (8th Cir. 1986). However, these are not independent, essential elements in finding probable cause. Id. This court finds that the "cooperating citizen's" statements were sufficiently credible to support a finding of probable cause. The "cooperating citizen" was known to the police, had

2

first-hand knowledge of the location of the drugs and money, and had given the police reliable information in the past.

It is doubtful that a Franks Hearing was necessary, but nonetheless, one was held on September 8, 2008. To obtain a Franks Hearing, the defendant must "make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the search warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." Franks v. Delaware, 438 U.S. 154 (1978).

At the Franks Hearing, Detective Hall testified that he believed the "cooperating citizen" was reliable for a number of reasons. He stated the "cooperating citizen's" statements were corroborated in a number of ways. Robert Hocks was the registered owner of the Brandon Woods residence, the utilities were also held in Mr. Hocks' name, and Eric McCauley answered the telephone at the number provided by the "cooperating citizen." Detective Hall stated there is only one "cooperating citizen," an informant he interviewed earlier in the day of February 7 for at least twenty minutes. Detective Hall further testified that Detective Bradley had also met the "cooperating citizen" in the past when they both worked on a drug task force and that Detective Bradley told Detective Hall that the "cooperating citizen" is reliable, and has been reliable three to four times in the past. Detective Hall noted that the "cooperating citizen" made a telephone call to Eric McCauley, arranging a time to buy marijuana. Thus, there is no evidence that the affiant, Detective Hall, lied or recklessly misstated the truth in the affidavit.

Furthermore, the defendant's argument that the Franks standard was not met because the Government failed to set forth the "cooperating citizen's" criminal history is without merit. Detective Hall's affidavit clearly states that the "cooperating citizen" is a person involved in criminal activity. According to the affidavit, the "cooperating citizen" purchased large amounts of marijuana from Mr. McCauley that past evening. The failure to set out more detail about the informant's criminal history is not either intentionally or recklessly misleading. and thus, does not violate Franks. There is sufficient information in the affidavit to weigh the

3

"cooperating citizen's" credibility, and the affidavit provided information sufficient for a finding of probable cause. Additional details about the informant's criminal history would not have destroyed probable cause.

The police are not required to disclose details of an informant's criminal history, and most informants are engaged in criminal activity. United States v. Parker, 836 F.2d 1080, 1083 (8th Cir. 1987). In this case, there was no doubt that the informant was not a law abiding citizen. Disclosing the details of his criminal history would not have changed the outcome – the warrants would still have been issued. The United States Court of Appeals for the Eighth Circuit held, "a magistrate generally would not be misled by the alleged omissions of facts . . . because informants frequently have criminal records and often supply information to the government pursuant to plea arrangements." United States v. Allen, 297 F.3d 790 (8th Cir. 2002) (citing United States v. Flagg, 919 F.2d 499, 501 (8th Cir. 1990) (per curiam)). See also United States v. Stevens, 2007 WL 294285 (2007) (Magistrate Judge found that even if erroneous information was excluded from consideration, there was still sufficient probable cause to support the warrant).

Additionally, the search remains valid because the officers executing the warrants acted in objective good faith in executing the warrants. United States v. Leon, 468 U.S. 897 (1984). This good-faith exception allows evidence obtained pursuant to a facially valid search warrant, later found to be valid, to be admissible if the executing officers acted in good faith and in objectively reasonable reliance on the warrant.

Reliance on a judge's determination of probable cause is reasonable in the execution of a search warrant unless a reasonably well-trained officer would have known the search was illegal despite the judge's authorization. The Supreme Court stated that because "[r]easonable minds frequently may differ on the question whether a particular affidavit establishes probable cause . . . 'great deference' to a magistrate's determination" is given. Id. at 914. Reliance on the warrants by the executing officers was reasonable, and therefore, the good-faith exception would apply to the evidence seized from Hocks' residence.

For the reasons set forth above, this court finds that the evidence seized pursuant to the warrants in this case is not the product of unconstitutional searches.

IT IS, THEREFORE, RECOMMENDED that the motion of defendant Robert Allen Hocks to suppress be denied. [75]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge