IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-02-CR-C-SOW |
| | ) | |
| ROBERT ALLEN HOCKS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Robert Hocks has filed a motion for expedited disclosure of confidential informant(s). The Government has responded in opposition. A hearing was held on the motion on October 6, 2008.[1]

Hocks seeks disclosure of the confidential informant(s) who provided the information used by a law enforcement detective in his affidavit in support of probable cause to search Hocks' residence. Hocks asserts that expedited disclosure is necessary because of information and belief that the informant(s) may not have had a track record of proven reliability. This argument is made in conjunction with Hocks' motion to suppress evidence obtained from his residence and for a Franks[2] hearing in which Hocks challenges there was not probable cause to support the issuance of the search warrant for his residence.

The Government has asserted its privilege to withhold the identity of the confidential informant under Roviaro v. United States, 353 U.S. 53, 59 (1957).

*Discussion*

The Constitution does not require the Government to disclose the identity of confidential informants in every case. McCray v. Illinois, 386 U.S. 300 (1967). To justify

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

[2]Franks v. Delaware, 438 U.S. 154, 171 (1978).

compelled disclosure, a defendant must show his right to the information outweighs the Government's traditional privilege to withhold it. Roviaro, 353 U.S. at 59-62.

To outweigh the Government's privilege, the defendant must show that disclosure is material to his defense or to a fair determination of the cause. Rovario at 60-61. When an informant's involvement is limited to providing information relevant to the issue of probable cause, disclosure of the confidential informant's identity will not be required. McCray v. Illinois, 386 U.S. at 312-13 (defendant cannot insist upon disclosure of the informant in order to test the truth of the officer's statement that there is an informant or as to what the informant related or the informant's reliability); United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991) (identity of tipster whose assertions formed basis for search warrant but who will not be a witness at trial is not subject to compulsion).

In the instant case, Hocks seeks to obtain disclosure of the confidential informant in order to challenge the finding of probable cause in support of the search warrant issued for his residence. Specifically, Hocks asserts that the search warrant was invalid because the statements of the confidential informant used by the affiant, a law enforcement detective, to support probable cause and the issuance of the search warrant for Hocks' residence were not reliable. Hocks asserts that the lack of reliability of the informant provides a basis for a Franks hearing and suppression of evidence found at his residence. Upon review of Hocks' arguments, it is clear that he does not seek to obtain the identity of the informant for purposes of trial, but for the purpose of challenging probable cause used in support of the search warrant. As set forth in McCray v. Illinois, 386 U.S. at 312-13, this argument does not support disclosure of the Government's confidential informant. Thus, defendant's motion to compel should be denied.

Moreover, the court finds defendant's argument that disclosure supports a Franks hearing is counter to the law. A Franks hearing is a means by which a defendant can seek to suppress evidence obtained by search warrant, based on evidence that the affiant who signed the affidavit in support of the search warrant, recklessly or deliberately, includes a false statement, or omits from the affidavit material information making the affidavit misleading to the judge. Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v. Neal, 528 F.3d

1069, 1072-74 (8th Cir. 2008). In the instant case, the informant did not sign or provide an affidavit in support of probable cause. "Franks' requirements cannot be satisfied by a showing that an informer lied to an unsuspecting affiant, even when the lie was deliberate." United States v. Southard, 700 F.2d 1, 10 (1st Cir. 1983). See also United States v. Tzannos, 460 F.3d 128, 138 (1st Cir. 2006), United States v. Gray, 47 F.3d 1359, 1365 (4th Cir. 1995).

Additionally, the hearing on the Franks motion and motion to suppress has already been held and the motion to suppress recommended denied. This court found no evidence to support that the affiant, Detective Hall, recklessly or intentionally gave false statements in his affidavit, or omitted from his affidavit material information such that the judge was misled. The court found that there was probable cause to support the issuance of the search warrant for Hocks' residence. Moreover, it was specifically clarified for Hocks, at the hearing, that there was only one confidential informant, and not two, as alleged in Hocks' instant motion seeking disclosure.

To the extent Hocks asserts he believes the disclosure of the confidential informant is material to his defense because it is exculpatory under Brady v. Maryland, 373 U.S. 83 (1963), and/or is required by the Due Process Clause of the Constitution, Hocks fails to support this argument. Hocks fails to set forth how the identity of the confidential informant would help exculpate him from the charges in the indictment.

*Conclusion*

In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure. United States v. Harrington, 951 F.2d at 877. Hocks has failed to come forward with a showing as to why his case is unique, and disclosure of the Government's confidential informant should be disclosed or expedited. As set forth above, there is no proper basis for Hocks' assertions that he needs the disclosure of the confidential informant for purposes of challenging probable cause by means of a Franks hearing or a motion to suppress. See McCray v. Illinois, 386 U.S. at 307 (motion to compel disclosure of confidential informant for purposes of supporting defendant's motion to suppress does not outweigh society's need for the informer privilege). Moreover, the evidence presented at the hearing on the Franks motion, and motions to suppress and for disclosure of

3

confidential informant(s) fails to support Hocks argument that disclosure is materially relevant to his defense. Finally, even if the confidential informant were to be called as a witness at trial, the Government has specifically advised that it will comply with the Court's scheduling order and will disclose, at least seven days before trial, the informant's identity along with any information regarding plea agreements or inducements.

Hocks has failed to make a sufficient showing to overcome the Government's privilege not to disclose the confidential informant. It is, therefore,

RECOMMENDED that defendant Hocks' motion for expedited disclosure of confidential informants be denied. [81]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 1st day of December, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge