IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-4009-02-CR-C-SOW |
| | ) | |
| ROBERT ALLEN HOCKS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Robert Allen Hocks has filed motions for a bill of particulars with respect to the Fourth and Fifth Superseding Indictments. The Government has responded in opposition.[1]

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to file a bill of particulars in addition to the issuance of an indictment. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir.2002). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir.1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir.1980)). A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and theories. United States v. Wessels, 12 F.3d at 750. The granting or denial of a motion seeking a bill of particulars lies within the broad discretion of the trial court. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993). Further, even when an indictment is

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

determined to be insufficient, the availability of information as to the specific conduct and facts of the charge from other sources, such as hearings and the "open-file" policy of the United States Attorney's Office, eliminates the need for a bill of particulars.  See United States v. Fleming, 8 F.3d 1264, 1265 (8th Cir.1993) (stating that there was no need for a bill of particulars where, despite a question as to the conduct complained of in the indictment, the defendant learned of the facts alleged by the Government during an evidentiary hearing); United States v. Canino, 949 F.2d 928, 949 (7th Cir.1991) (the nature and operations of the "open-file" policy is an adequate form of information retrieval making a bill of particulars unnecessary).  A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and theories.  United States v. Wessels, 12 F.3d at 750.

The indictment here provides for the essential elements of the offenses charged under 21 U.S.C. §§ 841 and 846, and gives significant detail about the conspiracy charged and its scope.  The indictment is adequate to protect the defendant's double jeopardy rights and adequately inform him of the issues he will face at trial.  Defendant has raised no special or particular problem in preparing for trial which necessitates more specificity.  Although specific dates are not provided in the indictment, defendant is provided notice of the period in which the conspiracy operated; the indictment citing "as early as in or about 2005 and continuing until on or about February 7, 2007."  As a general rule, a defendant is not entitled to a bill of particulars which provides the exact date of the commission of the alleged crimes where time is not an essential element of the crime.  See United States v. Nunez, 668 F.2d 10, 11-12 (1st Cir. 1981); United States v. Austin, 448 F.2d 399, 401 (9th Cir. 1971) (generally, exact dates are not required so long as they are within the statute of limitations and no prejudice is shown).  The Seventh Circuit has held that "an indictment for conspiracy under 21 U.S.C. §§ 841 and 846 need only allege the conspiracy to distribute drugs, the time frame in which it allegedly was operated, and the statute violated.  No specific overt acts need be alleged."  United States v. Canino, 949 F.2d at 949.

Further, in addition to the indictment, the Government has provided and continues to provide discovery to defendant via its "open-file" policy from which defendant can obtain

additional information to understand the nature of the charges against him, prepare for trial and protect his rights.

To the extent defendant requests identification of all unindicted co-conspirators in his request for a bill of particulars, this court fails to see how this is necessary to the understanding of the nature of the charges against him. It appears, rather, that defendant is attempting to acquire the Government's possible witness lists. Therefore, defendant's requests should be denied. Further, the Government has advised that it will comply with the court's scheduling and trial order and submit a list of witnesses who will testify at trial not less than seven days before trial.

Based upon the foregoing, this court finds the indictments to be legally sufficient, and that a bill of particulars is not required.

IT IS, THEREFORE, RECOMMENDED that defendant Hock's motions for a bill of particulars be denied. [129, 132]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten (10) days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 4th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3