IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 07-4009-CR-C-SOW |
| | ) | |
| ROBERT ALLEN HOCKS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is the Report and Recommendation of Magistrate Judge William A. Knox (*see* Doc. #137). Defendant Robert Allen Hocks has filed motions for a bill of particulars with respect to the Fourth and Fifth Superseding Indictments (Docs. #129 & 132).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the court may direct the Government to file a bill of particulars in addition to the issuance of an indictment. "A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." United States v. Hernandez, 299 F.3d 984, 989-90 (8th Cir.2002). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Wessels, 12 F.3d 746, 750 (8th Cir.1993) (citing United States v. Young, 618 F.2d 1281, 1286 (8th Cir.1980)). A bill of particulars may not be used as a discovery tool or to obtain detailed disclosure of the Government's evidence and

theories. United States v. Wessels, 12 F.3d at 750. The granting or denial of a motion seeking a bill of particulars lies within the broad discretion of the trial court. United States v. Sileven, 985 F.2d 962, 966 (8th Cir. 1993).

Magistrate Judge Knox made the following findings: that the indictment provides for the essential elements of the offenses charged under 21 U.S.C. §§ 841 and 846, and gives significant detail about the conspiracy charged and its scope; that the indictment is adequate to protect the defendant's double jeopardy rights and adequately inform him of the issues he will face at trial; and that defendant Hocks has not raised any special or particular problems in preparing for trial which would necessitate more specificity. As a result, Judge Knox determined the indictments to be legally sufficient and found that a bill of particulars is not required in this case.

Accordingly, it is hereby

ORDERED that this Court adopts the Report and Recommendation of Magistrate Judge William A. Knox (*see* Doc. #137) in its entirety. It is further

ORDERED that, pursuant to the Report and Recommendation, defendant Hocks' Motion for Bill of Particulars (Doc. #129) and Amended Motion for Bill of Particulars (Doc. #132) are denied.

 /s/ Scott O. Wright  
SCOTT O. WRIGHT  
Senior United States District Judge

DATED: June 29, 2009

-2-

Case 2:07-cr-04009-BCW   Document 139   Filed 06/29/09   Page 2 of 2